Peter G. Bertling  # 131602
Jemma Parker Saunders #227962
BERTLING & CLAUSEN L.L.P.
15 West Carrillo Street, Suite 100
Santa Barbara, California  93101
Telephone:  (805) 892-2100
Facsimile:   (805) 963-6044

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL GROUP, INC.;
TAYLOR FITHIAN, M.D.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of JOSHUA CLAYPOLE, deceased, by and through SILVIA GUERSENZVAIG, as Administrator; SILVIA GUERSENZVAIG,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO; SHERIFF GREG MUNKS, in his individual and official capacity; COUNTY OF MONTEREY; SHERIFF SCOTT MILLER, in his individual and official capacity; SERGEANT E. KAYE, in his individual and official capacity; CITY OF MONTEREY; MONTEREY POLICE DEPARTMENT CHIEF PHILIP PENKO, in his individual and official capacity; BRENT HALL in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP; DR. TAYLOR FITHIAN, in his individual and official capacity; COMMUNITY HOSPITAL OF MONTEREY PENINSULA; and DOES 1 through 30.<br><br>Defendants. | Case No. 5:14-cv 02730 BLF<br><br>**DECLARATION OF PETER G. BERTLING IN RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY**<br><br>Date:         December 15, 2015<br>Time:         10:00 a.m.<br>Ctrm:         5<br>JUDGE:    Hon. Paul Grewal<br><br><br>Action Filed: June 12, 2014<br>PTR Conf:    March 31, 2016<br>Trial Date:    April 11, 2016<br>Judge:          Hon. Beth Labson Freeman<br>                     Ctrm 3, Fourth Floor |

**<u>DECLARATION OF PETER G. BERTLING</u>**

///

DECLARATION OF PETER G. BERTLING IN RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY

1  I, Peter G. Bertling, declare:

2  1.  I am an attorney licensed to practice in California and before this District Court. I represent defendants California Forensic Medical Group, Inc. (CFMG) and Dr. Taylor Fithian.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

3  2.  During this litigation I have tried in good faith to comply with every discovery request propounded on behalf of Plaintiff, including those documents which Dr. Hayward was requested to produce at his October 16, 2015 deposition. I personally prepared Dr. Hayward for this deposition and reviewed the October 2, 2015 Notice of Deposition and Request for Production of Documents with him.  I learned that several of the requested documents were not in his possession, custody or control because these documents were reviewed exclusively at the Monterey County Jail and he did not make copies of this documentation. In addition, several of the requested documents had already been produced during discovery in this litigation – documents which Plaintiff specifically indicated in her request for production did not need to be produced by Dr. Hayward.

4  3.  I recently learned Dr. Hayward does have some notes which are responsive to Plaintiff's Request for Production which will be produced no later than December 4, 2015.  Should Dr. Hayward positively identify any other materials in his possession that are responsive to Plaintiff's Request for Production, those will also be provided to Plaintiff's counsel by December 4, 2015.  I believe the sum and substance of these notes are included in Dr. Hayward's Rule 26 Report which Ms. Rifkin questioned him extensively about during his deposition.

5  4. Ms. Rifkin has accused me of making a sexist remark because I stated her conduct was "not becoming of a woman."  In retrospect, the proper term for me to have used in this context would have been "attorney."  I apologize to Ms. Rifkin if I offended her by referring to her as a "woman" instead of as an "attorney." This was not my intent,

///
///

DECLARATION OF PETER G. BERTLING IN RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY

1  but the comment was made in the context of Ms. Rifkin literally yelling at my client and
2  creating a hostile environment during the deposition.
3      5.  Ms. Rikfin is requesting sanctions against me because my conduct allegedly
4  required her to "spend unreasonable amounts of time negotiating and re-negotiating
5  deposition dates for Dr. Fithian and whether CFMG would produce certain witnesses for
6  deposition." During this litigation, I have worked with Ms. Rifkin to schedule deposition
7  dates that would accommodate the schedules of both the attorneys and witnesses involved.
8  There was nothing improper about my conduct that would justify an award of sanctions.
9  The process of arranging a deposition requires the cooperation of all involved and, with
10 respect to the depositions of Dr. Fithian, Ms. Spano and Ms. Shene, I attempted to facilitate
11 the scheduling of these depositions. In fact, I agreed to make Ms. Spano and Ms. Shene
12 available for deposition without a subpoena. I then made numerous telephone calls to
13 them in order to schedule their depositions. Each of these witnesses appeared at their
14 depositions as agreed.
15     6.  Ms. Rifkin alleges she "spent approximately 14.9 hours preparing for and taking
16 Dr. Fithian's second 30(b)(6) deposition on September 7, which was rendered necessary
17 because of Mr. Bertling's improper instructions not to answer." However, on August 18,
18 2015, this Court heard Plaintiff's Motion to Compel regarding this issue and denied much
19 of what Ms. Rifkin requested. In fact, the Minute Order from the August 18, 2015
20 proceeding states in part:

> Plaintiff's Motion to Compel is granted in part. Documents to be produced in response to Request for Production Nos. 33 and 34 only to the extent that they relate to the facilities identified in the Exhibit Dr. Fithian was describing in his deposition at pages 162-165. The Court orders three additional hours of deposition from Dr. Fithian once production of documents complete, which can include questions about changes in policies and procedures at the Monterey County facilities and staff practices at the Monterey facility.

26 ///
27 ///
28 ///

DECLARATION OF PETER G. BERTLING IN RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY

1        7.  Judge Grewal did not grant Ms. Rifkin the majority of the relief she was
2  requesting. I subsequently promptly complied with the Court's Order by producing the
3  required documents and making Dr. Fithian available for deposition.
4        I declare under penalty of perjury under the laws of the United States that the
5  foregoing is true and correct. Executed this 24thd day of November 2015.

                                                    By:  */s/ Peter G. Bertling*
                                                           Peter G. Bertling, Declarant
                                                          Attorneys for Defendants
                                                          CALIFORNIA FORENSIC
                                                          MEDICAL GROUP, INC. and
                                                          TAYLOR FITHIAN, M.D.

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature within this e-filed document.

DECLARATION OF PETER G. BERTLING IN RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY