Dan Stormer, Esq. [S.B. # 101967]
Josh Piovia-Scott, Esq. [S.B. #222364]
Mohammad Tajsar, Esq. [S.B. #280152]
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600/Facsimile:  (626) 577-7079
Emails: dstormer@hadsellstormer.com
          jps@hadsellstormer.com, and
          mtajsar@hadsellstormer.com

Lori Rifkin, Esq. [S.B. # 244081]
RIFKIN LAW OFFICE
P.O. Box 19169
Oakland, California 94619
Telephone: (415) 685-3591
Email: lrifkin@rifkinlawoffice.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of JOSHUA CLAYPOLE, deceased, by and through SILVIA GUERSENZVAIG, as Administrator; SILVIA GUERSENZVAIG, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN MATEO; SHERIFF GREG MUNKS, in his individual and official capacity; COUNTY OF MONTEREY; SHERIFF SCOTT MILLER, in his individual and official capacity; SERGEANT E. KAYE, in his individual and official capacity; CITY OF MONTEREY; MONTEREY POLICE DEPARTMENT CHIEF PHILIP PENKO, in his individual and official capacity; BRENT HALL, in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP; DR. TAYLOR FITHIAN, in his individual and official capacity; COMMUNITY HOSPITAL OF MONTEREY PENINSULA; and DOES 1 through 30, <br><br> Defendants. | Case No: CV 14-02730 BLF<br>[Assigned to the Honorable Beth Labson Freeman - Courtroom 3]<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY**<br><br>DATE:          December 15, 2015<br>TIME:          10:00 a.m.<br>CRTRM:      5<br>JUDGE:        Hon. Paul Grewal<br><br>[*Declaration of Joshua Piovia-Scott and Exhibit filed concurrently herewith*]<br><br>Complaint Filed:              June 12, 2014<br>FAC Filed:              October 28, 2014<br>Discovery Cut-Off:       August 31, 2015<br>Motion Cut-Off:       January 14, 2016<br>Trial Date:              April 11, 2016 |

**INTRODUCTION**

Plaintiffs filed this Motion because: 1) Defendants California Forensic Medical Group and Taylor Fithian produced a broken DVD in response to Plaintiffs' requests for documents related to the opinions of their designated expert, and subsequently refused to produce responsive documents; and 2) the conduct of Defendants' lead counsel was part of an escalating and obstructive course of behavior that prejudiced Plaintiffs' ability to fairly obtain evidence through the discovery process. In response to Plaintiffs' Motion, Defendants did not file any opposition papers. Instead, Defendants filed a three-page declaration written by their lead counsel, Peter Bertling. The declaration perfunctorily addresses the requests for production, Mr. Bertling's sexist attack on Plaintiff's counsel, and Mr. Bertling's obstruction during deposition scheduling. This cursory response to allegations of serious misconduct exemplifies the dismissiveness and disregard with which Defendants and Mr. Bertling have approached Plaintiffs' counsel, the federal rules, and, by extension, this Court.

**ARGUMENT**

**I.  Mr. Bertling concedes that Defendants did not produce responsive documents.**

In his declaration, Mr. Bertling makes no affirmative statement that all responsive documents were produced.  Instead, he admits Defendants did not produce documents responsive to Plaintiffs' requests to Dr. Hayward, and still have yet to do so. Bertling Decl. ¶ 3 (noting that he "recently learned" of responsive documents that have yet to be produced).[1] On this basis alone, the Court should

---

[1] Mr. Bertling claims in his declaration that some of the responsive documents were reviewed by Dr. Hayward exclusively at the Monterey County Jail, and Hayward made no copies of these documents. Bertling Decl. ¶ 3. This assertion is troubling, as it suggests that Dr. Hayward relied upon documents which his attorneys cannot produce and which Defendants themselves do not have, despite Defendants being

1  compel production of documents and order that Defendants make Dr. Hayward
2  available for a deposition to inquire about his review of these materials and the
3  basis for his opinions. Without the opportunity to further depose Dr. Hayward
4  regarding the information he reviewed and relied upon in forming his opinions after
5  proper production, neither Plaintiff nor the Court can fairly evaluate Dr. Hayward's
6  opinions and report.

7       Mr. Bertling's assertion that "several of the requested documents had already
8  been produced during discovery in this litigation" does not satisfy Defendants'
9  obligations to respond fully to Plaintiffs' requests. Bertling Decl. ¶ 2; *see Haeger v.*
10 *Goodyear Tire & Rubber Co.*, 906 F. Supp. 2d 938, 976–77 (D. Ariz. 2012)
11 (holding it improper to object to document request by stating that some responsive
12 documents have already been produced). This is especially true given Defendants'
13 ever-shifting responses about what documents were intended by Dr. Hayward to be
14 produced on the DVD in the first instance, and what documents are responsive to
15 Plaintiffs' requests.

16      As stated in Plaintiffs' Motion, when Plaintiffs' counsel attempted to meet
17 and confer with Defendants' counsel regarding the documents on the broken DVD,
18 Defendants responded with just four documents, two of which were Plaintiffs'
19 expert disclosures.  One day prior to the filing of Mr. Bertling's declaration in
20 opposition to this Motion, Defendants' counsel contacted Plaintiffs' counsel by
21 email stating that they intended to, but did not, produce 21 responsive documents
22 on the broken disc. *See* Ex. L. The following day, Mr. Bertling's declaration to the
23 Court made no mention of these 21 documents and referred only to Dr. Hayward's
24 notes that have suddenly surfaced.  Despite these concessions, Defendants have not
25 produced any additional documents regarding Dr. Hayward's opinions since this
26
27
28 hired by the County to perform the very functions that presumably are the subjects
   of those documents. Plaintiffs are entitled to review all of these documents.

1   motion was filed on November 10, 2015.

2      Finally, Mr. Bertling mischaracterized the Court's August 18, 2015, ruling on

3   Plaintiffs' motion to compel as denying "much of what Ms. Rifkin requested."

4   Bertling Decl. ¶ 6.  This Court granted all of the relief requested by Plaintiffs with

5   respect to Dr. Fithian's 30(b)(6) deposition and Mr. Bertling's improper

6   instructions not to answer, including ordering additional hours of deposition by Dr.

7   Fithian and ordering that Dr. Fithian answer Plaintiffs' questions regarding changes

8   in policies and procedures at Monterey County Jail, suicides at other jails, and

9   CFMG staff practices with respect to mental health treatment. Dkt. No. 92. The

10  Court also granted Plaintiffs' motion to compel production of documents in

11  significant part, ordering CFMG to produce documents related to suicides and

12  attempted suicides at a number of other CFMG-serviced jails. *Id.* The Court later

13  ordered Dr. Fithian to answer numerous questions that Mr. Bertling instructed him

14  not to answer during the mid-deposition hearing that Plaintiffs were forced to

15  request during Dr. Fithian's August 31, 2015, deposition. Dkt. No. 96.

16  **II.   Sanctions for Mr. Bertling's sexist remarks are appropriate despite his**

17  **apology.**

18     Sanctions against Mr. Bertling are warranted in response to his sexist attack

19  on Plaintiffs' counsel. In his declaration, Mr. Bertling addressed his remarks on

20  Plaintiffs' counsel by stating: "I apologize to Ms. Rifkin if I offended her . . . ."

21  Bertling Decl. ¶ 4. This "non-apology apology" is inadequate, as it suggests his

22  conduct would have been appropriate had Ms. Rifkin not been offended. *See* Edwin

23  L. Battistella, Sorry About That: The Language of Public Apology (2014) ("Rather

24  than mutually exploring the offense as a prelude to an apology, the apologizer

25  makes a unilateral conditional apology: 'I apologize if you are offended' . . . and

26  places the onus on the offended party to say whether an offense has occurred.").

27  Instead of qualifying his conduct based on Ms. Rifkin's sensitivities, Mr. Bertling

28

1  ought to appreciate that his sexist stereotyping is offensive to the Court and to the
2  legal process—regardless of whether Ms. Rifkin was offended.

3      Monetary sanctions are appropriate where basic standards of professionalism
4  and civility—not to mention a strict insistence on gender equality among the bar—
5  have been flouted so egregiously.

6  **III.   Mr. Bertling does not contest his discovery misconduct.**

7      Finally, Mr. Bertling's declaration does not contest, or even address, the bulk
8  of the discovery misconduct raised in Plaintiffs' Motion, which includes:

9      1.   Improper instructions not to answer deposition questions;

10     2.   Coaching witnesses by answering deposition questions for them;

11     3.   Coaching and suggesting testimony to witnesses through extensive
12          speaking objections and editorial comments;

13     4.   Coaching witnesses by pointing deponents to specific pages and
14          information in documents during their answers;

15     5.   Interfering with testimony by whispering to deponents during
16          deposition testimony; and

17     6.   Interfering with testimony by cutting off deponents in the middle of
18          their answers.

19     Nor does Mr. Bertling address his untimely reversals of prior discovery
20  agreements made by his co-counsel that subsequently required extensive time to be
21  expended by Plaintiffs' counsel.  Rather, he cites his agreement to make prior
22  employee witnesses available for deposition without a subpoena—omitting any
23  mention that his co-counsel had already agreed to do this months prior, and that it
24  was his subsequent refusal to do this that led to the outlay of resources by
25  Plaintiffs' counsel described in their Motion. Mot. at 4 & Rifkin Decl. ¶ 9–10. Mr.
26  Bertling's uncontested misconduct warrants intervention by this Court, including
27  the imposition of sanctions significant enough that Defendants and their counsel
28  will be deterred from further engaging in such behavior during the course of this

1  and other litigation pending before this Court.

2  <center>**CONCLUSION**</center>

3       Plaintiffs request that this Court order Defendants to immediately produce all

4  documents responsive to Plaintiffs' discovery requests to Defendants' expert Dr.

5  Hayward, and order that Dr. Hayward be recalled for an additional half-day of

6  deposition at Defendants' expense, including costs and attorneys' fees.  Further,

7  Mr. Bertling's misconduct, the majority of which Defendants do not contest, and

8  the disregard he and Defendants have shown for the legal process, warrant

9  imposition of significant sanctions by this Court.

10

11  Dated:  December 1, 2015                Respectfully Submitted,

12                                         RIFKIN LAW OFFICE

13                                         HADSELL STORMER & RENICK LLP

14

15                                         By:   /s/ - Dan Stormer
                                                 _____

16                                         Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28