UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF JOSHUA CLAYPOLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No.  14-cv-02730-BLF<br><br>**ORDER DENYING MOTION OF DEFENDANTS CFMG AND FITHIAN TO JOIN PATRICIO CLAYPOLE AS A PARTY**<br><br>[Re:  ECF 112] |

This tragic case comes after the deaths of two people, one of whom was Plaintiff Silvia Guersenzvaig's son, Joshua Claypole.  Guersenzvaig brought this action individually and in her capacity as administrator of Claypole's estate.  She asserts that jail personnel and others who had custody of Claypole in the days before his death were deliberately indifferent to Claypole's serious mental health needs in violation of his federal constitutional rights and breached various duties owed to Claypole under state law.  Two defendants – the doctor and the medical group who oversaw Claypole's medical and mental health care at the jail – move to join Claypole's father as a party in this action.  The motion is DENIED for the reasons discussed below.

**I.  BACKGROUND**

On May 1, 2013, Claypole was arrested for fatally stabbing a taxi driver.  After he was held for several hours by the City of Monterey Police Department, he was transported to the Monterey County Jail, where he was held alternately on and off suicide watch until he was found hanging in his cell on May 4, 2013.  Claypole was revived and kept alive on a respirator for several days.  However, once it was determined that he was brain dead, the respirator was removed and he passed away.

Guersenzvaig filed this lawsuit on her own behalf and on behalf of Claypole's estate.  At her deposition, she disclosed that prior to his death Claypole had enjoyed an ongoing relationship

with his father, Patricio Claypole.  She testified that Patricio, a resident of Argentina, had flown to the United States immediately upon hearing about Claypole's condition and had participated in the decision to take Claypole off the respirator.  Based upon that testimony and other statements made in the deposition, moving parties assert that Patricio is a required party to this litigation.

## II.  DISCUSSION

The motion is governed by Federal Rule of Civil Procedure 19, which provides in relevant part as follows:

> **(a)  Persons Required to Be Joined if Feasible.**
>
> **(1) Required Party.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Moving parties argue that Patricio is a required party under Rule 19(a)(1)(B)(ii) because he claims an interest relating to Claypole's death and later could assert his own constitutional or wrongful death claims, thus subjecting moving parties to a risk of incurring double obligations.[1] Moving parties also argue that Patricio must be joined in the current wrongful death claim under California law.

Moving parties' argument that failure to join Patricio in this lawsuit will subject them to a risk of incurring double obligations is not enough to satisfy Rule 19.  In order to establish that

---

[1] Guersenzvaig asserts in her opposition brief that the motion concerns only the wrongful death claim.  However, that asserted limitation is not clear from the briefing.  The motion expresses concern that disposing of this action in Patricio's absence would leave moving parties "subject to a substantial risk of incurring double obligations in the form of a potential second wrongful death *or constitutional litigation* from Mr. Claypole based on the same subject matter."  Mot. at 6, ECF 112-1 (emphasis added).

Patricio is a required party, moving parties also must demonstrate that "the absent party claim[s] a legally protected interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). Moving parties have not met this standard.

      Although *Northrop* is factually distinct from the present case, as it involved military contracts rather than an alleged wrongful death, the Ninth Circuit did not limit the above statement of the law to the facts before it in *Northrop*. To the contrary, it appears that the Ninth Circuit expressly applied Rule 19's language requiring joinder of a person when the person "claims an interest relating to the subject of the action" and other specified conditions are met. *See* Fed. R. Civ. P. 19(a)(1)(B) (formerly Fed. R. Civ. P. 19(a)(2)). Applying Rule 19, the Ninth Circuit held that the district court had erred in finding the Government to be a required party in the *Northrop* action, noting that the Government was not a party to the contracts at issue and had "never asserted a formal interest in either the subject matter of [the] action or the action itself." *Northrop*, 705 F.2d at 1043-44. Other courts in this district have relied upon *Northrop* and its progeny in holding that when an individual has not come forward to claim an interest in the action, that individual is not a required party under Rule 19. *See, e.g., Zacharias v. U.S. Bank, N.A.*, No. 14-02186 SC, 2014 WL 4100705, at *8 (N.D. Cal. Aug. 20, 2014).

      In the present case, Guersenzvaig's testimony initially suggested that Patricio wished to become a party to the litigation but was under the mistaken impression that he could not do so because he resides in Argentina. *See* Guersenzvaig Dep. 135:21-137:22, Exh. A to Bertling Decl., ECF 112-3. However, Guersenzvaig's subsequent corrections to her deposition clarified that Patricio wished to "be part of" the litigation only by supporting Guersenzvaig's efforts. Guersenzvaig Dep. Corrections, Exh. 1 to Tajsar Decl., ECF 116-1. Guersenzvaig testified that she informed Patricio about this lawsuit. Guersenzvaig Dep. 139:14-17, Exh. A to Bertling Decl., ECF 112-3. Patricio has not joined the lawsuit in the year and a half that it has been pending. Nor does the record contain any evidence suggesting that Patricio intends to bring his own lawsuit at some later date. Moving parties thus have failed to establish a "substantial risk" of incurring double obligations under Rule 19(a)(1)(B)(ii).

1    Moving parties further argue that California law requires that Patricio be joined in the
2    wrongful death claim.  They rely on *Harden v. United States*, 485 F. Supp. 380, 395 (S.D. Ga.
3    1980), *aff'd in part and vacated in part on other grounds*, 688 F.2d 1025 (5th Cir. 1982), in which
4    the district court found that a minor decedent's father had to be joined in a wrongful death claim
5    brought by the decedent's mother because Georgia state law vested the right of action in both
6    parents.  Even if this Court were to accept *Harden* as authority that state law informs a district
7    court's Rule 19 analysis with respect to state law claims[2], California law does *not* mandate
8    Patricio's joinder in this case and in fact precludes it.  Under California law, "[e]ither the
9    decedent's personal representative on behalf of the heirs or the specified heirs (either as plaintiffs
10   or joined defendants) may assert the wrongful death claim – but not both."  *Adams v. Sup. Ct.*, 196
11   Cal. App. 4th 71, 77 (2011).  When the personal representative of the estate brings a wrongful
12   death claim, he or she acts as a trustee for all the heirs.  *Id.*  As noted above, Guersenzvaig has
13   brought suit as the administrator of Claypole's estate.  Thus under California law Patricio could
14   not be joined in the wrongful death claim and any interest he might assert would be properly
15   addressed to the state probate court.
16   The party bringing a Rule 19 motion has the burden of persuasion.  *See Brum v. Cnty. of*
17   *Merced*, No. 1:12-cv-01636-AWI-KSO, 2013 WL 2404844, at *4 (E.D. Cal. May 31, 2013)
18   (collecting cases).  Moving parties have not met that burden here.[3]

### III.  ORDER

Accordingly, the motion to join Patricio Claypole in this action is DENIED.

Dated:  February 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The Supreme Court has indicated that "state-law questions may arise in determining what interest the outsider actually has" in the federal action, although ultimately whether the federal court may proceed without the outsider is a question of federal law.  *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968).

[3] In light of its conclusion based upon the grounds discussed above, the Court need not address Guersenzvaig's additional arguments that Patricio is not a required party because he is not subject to service of process or this Court's personal jurisdiction.